1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

OMAR A. TURCIOS,

11

Plaintiff,

12

v.

13

SIX UNKNOWN NAMES AGENTS, et al.,

14

Defendants.

15

16

_____/

Case No.  1:13-cv-01922-LJO-SKO PC

ORDER STRIKING COMPLAINT AND
REQUIRING PLAINTIFF TO FILE SIGNED
COMPLAINT AND EITHER FILE
APPLICATION TO PROCEED IN FORMA
PAUPERIS OR PAY FILING FEE WITHIN
THIRTY DAYS

(Doc. 1)

17

    On November 25, 2013, a civil complaint bearing the name of Omar A. Turcios

18

("Plaintiff") was received and filed.[1]  The complaint is unsigned and it sets forth no intelligible

19

claims for relief.  The Court cannot consider unsigned filings and therefore, the complaint shall be

20

stricken from the record.  Plaintiff has thirty days to file a signed complaint that complies with

21

Federal Rule of Civil Procedure 8(a).[2]  Plaintiff must also either file a motion seeking leave to

22

proceed in forma pauperis or pay the $400.00 filing fee in full.

23

[1] The complaint arrived in an envelope with six other complaints, all with different plaintiffs.  The envelope bore the

24

name of Young Yil Jo, who is also at the Etowah County Jail.  Mr. Jo's abusive litigation tactics are well known in
this district, and based on Mr. Jo's filing history and the lack of a signature on the complaint, the Court cannot
determine whether or not Mr. Turcio authorized the filing of this action.

25

[2] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."

26

Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a
cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129

27

S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).
While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v.*

28

*Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a
viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief.  *Iqbal,*

Accordingly, IT IS HEREBY ORDERED that:

1.      The complaint is stricken from the record for lack of signature;

2.      The Clerk's Office shall send Plaintiff a *Bivens* complaint form and an application to proceed in forma pauperis;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff must file a signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee for this action; and

4.      **The failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   __November 26, 2013__                 _____ **/s/ Sheila K. Oberto**
                                               UNITED STATES MAGISTRATE JUDGE

---

556 U.S. at 678, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.